**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**FILED**
VANESSA L. ARMSTRONG, CLERK

MAR 20 2017

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

**CIVIL ACTION NO. 4:13-CV-00127-JHM**

GARY ERVIN, et al.                                                                 PLAINTIFFS

V.

UNITED STATES OF AMERICA                                                DEFENDANT

**JURY INSTRUCTIONS**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Government has proven its case; and third, some rules for your deliberations. A copy of these instructions will be available for you in the jury room.

**I. GENERAL RULES CONCERNING JURY DUTIES**

It is your duty to find the facts from all the evidence in the case. You must apply the law to those facts. You must follow the law I give to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you and according to the law, as you gave your oaths to do at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely for you to decide.



The lawyers may refer to some of the governing rules of law in their arguments. However, if any differences appear to you between the law as stated by the lawyers and what I state in these instructions, you are to be governed solely by my instructions.

## BURDEN OF PROOF

The Plaintiffs have the burden of proving their case by what is called a preponderance of the evidence. That means that the Plaintiffs have to produce evidence that, considered in light of all the facts, leads you to believe that what the Plaintiffs claim is more likely true than not. If the Plaintiffs fail to meet this burden, the verdict must be for the Defendants.

## EVIDENCE

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, here in Court or by deposition, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which the lawyers have agreed or stipulated to or that have been judicially noticed.

## WHAT IS NOT EVIDENCE

The following things are not evidence and you may not consider them in deciding what the facts are:

1) Arguments and statements by lawyers are not evidence;

2) Questions and objections by lawyers are not evidence;

3) Testimony I have instructed you to disregard is not evidence; and

4) Anything you may have seen or heard when the Court was not in session is not evidence.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a fact or chain of facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all of the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. You might want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias or prejudice they may have; any interest you may discern that they may have in the outcome of the case; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in

the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other or vice versa.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

All of these are matters for you to consider in deciding the facts.

### OPINION EVIDENCE

You have heard testimony from persons who have testified as an opinion witness. You do not have to accept the opinions. In deciding how much weight to give to it, you should consider the witness's qualifications and how the witness reached his or her conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

In this trial, these witnesses were, at times, asked hypothetical questions and they gave answers to such questions. In answering a hypothetical question, an opinion witness must accept as true every asserted fact stated therein, but this does not mean that you must. If you find that assumed facts are not proven, you should disregard the answer based on the hypothetical question.

### TREATMENT OF ALL PERSONS

All persons, including the United States, are equal before the law, and all are entitled to the same fair and conscientious consideration by you as any other person.

4

## II. RULES OF LAW

## INSTRUCTION NO. 1

### Taxation Generally

Taxpayers are generally free to structure their business affairs as they consider to be in their best interests, including lawful structuring of those affairs to minimize taxes. Courts have said over and over again that there is nothing sinister in so arranging one's affairs as to keep taxes as low as possible. Everybody does so, rich or poor: and all do right, for nobody owes any public duty to pay more than the law demands.

## INSTRUCTION NO. 2

### Prior Litigation

As you now know, there has already been lengthy litigation at the partnership level regarding the tax liability of the Ervins related to the Euro options contributed to Jade Trading. The Court of Federal Claims found that the Ervins' tax treatment of the transaction technically complied with the tax code, based on the Helmer case. However, the Court disallowed the tax treatment because the transaction failed to meet the economic substance test. A transaction meets the economic substance test if there is a rational, non-tax business purpose to structuring the transaction in the contemplated manner and the transaction generating the tax benefit is capable of making a reasonable profit. A transaction is disregarded for tax purposes if it provides nothing of substance beyond a tax deduction, such as the chance of a minimal profit from a large investment.

As a result of the prior litigation, taxes and interest were imposed which the Ervins have paid. Penalties were assessed by the IRS and those penalties have also been paid. As I told you at the beginning of this case, the parties are bound by the findings of the prior litigation and so are you.

This case is the second stage of the litigation where the individual partners are contesting the penalty assessment by claiming the reasonable cause defense based upon reliance on the advice of tax advisors. The prior litigation did not determine this issue.

The fact that a tax liability has been determined to exist does not mean that penalties are due. A taxpayer is not required to be perfect. Even tax specialists cannot be perfect. The Code is complex. Reasonable minds can differ over tax reporting and sometimes the IRS disallows certain transactions. Just because a transaction is challenged or disallowed does not mean the taxpayer is liable for penalties.

# INSTRUCTION NO. 3

## Reasonable Cause Defense

Tax regulations expressly permit a taxpayer to establish reasonable cause through reliance of professional advice. The determination of whether a taxpayer acted with reasonable cause and good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances. Generally, the most important factor is the extent of the taxpayer's effort to assess the taxpayer's proper tax liability.

In this case, the Ervins claim reasonable cause based on their reliance upon the advice of competent tax advisors, specifically Jesse Mountjoy, Martin McElroy, BDO Seidman and Curtis Mallet, concerning the proper tax treatment of the transactions they engaged in. Reasonable reliance upon a single advisor for the tax treatment is sufficient to establish reasonable cause. However, reliance on the advice of a professional tax advisor does not necessarily demonstrate reasonable cause. Reliance on professional advice will absolve the taxpayer only if such reliance was reasonable and the taxpayer acted in good faith. Furthermore, blind reliance on a professional does not establish reasonable cause. In considering the reasonable cause and good faith of the Ervins, you must consider whether their reliance was reasonable based on what they knew and should have known at the time. The focus must be on the taxpayer's knowledge, and not the knowledge of his tax advisors.

## INSTRUCTION NO. 4

### Reasonable Cause Defense Elements

For the Ervins to establish the reasonable cause defense and to prove that they reasonably relied upon professional tax advice, they must prove by a preponderance of the evidence that they meet each of the following elements with respect to any advisor they claim reliance upon:

1. The advisor was a competent professional who had sufficient expertise to justify reliance;

2. The Ervins provided necessary and accurate information to the adviser; and

3. The Ervins actually received advice and relied in good faith on the advisor's judgment.

In evaluating these three elements of the reasonable cause defense you are to consider all of these instructions, including the following:

Advice is any communication, including the opinion of a professional tax advisor, setting forth the analysis or conclusion of a person, other than the taxpayer, provided to (or for the benefit of) the taxpayer and on which the taxpayer relies, directly or indirectly, with respect to the tax treatment of an item. Advice does not have to be in any particular form.

In order to qualify for the reasonable cause defense, the Ervins must show good faith reliance on the advice of an independent, competent professional as to the tax treatment of a taxable item or items. A taxpayer's education, sophistication, and business experience will be relevant in determining whether the taxpayer's reliance on tax advice was reasonable and made in good faith.

The Ervins must show that the advice came from a competent professional with sufficient expertise to justify reliance. This includes both general competence as a professional and also sufficient expertise to understand the transaction at issue. In order to be competent to render

advice, the advisor must base his or her advice on all pertinent facts and circumstances and the law as it relates to those facts and circumstances. The advisor must have evaluated the merits of the claimed tax deductions, and reached an independent decision as to the proper tax treatment of the transaction. In this case, the person giving the advice upon which the Ervins claim reliance must have considered and concluded whether the transaction held economic substance as a part of their overall advice. The advice must not unreasonably rely on the representations, statements, findings, or agreements of the taxpayer or any other person.

An adviser is not considered incompetent simply because the advice given turns out to be incorrect. For example, advice may be incorrect due to the advisor's mistaken interpretation of the tax code. Thus, reliance upon advice, even if incorrect, can be reasonable unless the taxpayer knew or had reason to know, that the advice was incorrect.

The adviser need not be a tax specialist under the IRS reasonable cause regulations, but having tax expertise increases the competence of the adviser to provide tax advice. In order to justify reliance, an advisor must at a minimum hold himself out as possessing sufficient expertise to understand the transaction at issue. An advisor's expertise must be commensurate with the factual circumstances of each case. Reliance may not be reasonable or in good faith if the taxpayer knew, or reasonably should have known, that the advisor lacked knowledge in the relevant aspects of Federal tax law.

The Ervins must also show that they affirmatively provided necessary and accurate information to the advisor on whose advice the taxpayer claims reliance. The advice must be based on all those pertinent facts and circumstances and the law as it relates to those facts and circumstances. The advice must take into account the taxpayer's purposes (and the relative weight of such purposes) for entering into a transaction and for structuring a transaction

9

in a particular manner. Reasonable cause cannot be established if the Ervins failed to disclose a fact that they knew, or reasonably should have known, to be relevant to the proper tax treatment of an item. However, the Ervins were not obliged to share with their advisors details that they neither knew nor had any reason to know would be relevant to the proper tax treatment of an item.

The advice cannot be based on unreasonable factual or legal assumptions (including assumptions as to future events) and must not unreasonably rely on the representations, statements, findings, or agreements of the taxpayer or any other person. The advice cannot be based on a representation or assumption that the Ervins knew, or had reason to know, was unlikely to be true, such as an inaccurate representation or assumption as to their purpose for entering into a transaction or for structuring a transaction in a particular manner.

The Ervins must also show that they actually relied in good faith on an advisor's judgment. In order to show this, the Ervins reliance on the advice must be objectively reasonable. For example, reliance on the advice of an advisor is not reasonable if the taxpayer knew, or should have known, that the advisor had an inherent conflict of interest, such as that of a promoter of the transaction. A promoter of a transaction is an advisor who participates in structuring a transaction or is otherwise related to, has an interest in, or profits from the transaction. An advisor is not a promoter of a transaction when he has a long-term and continual relationship with the taxpayer, does not give unsolicited advice regarding the tax shelter, advises only within his field of expertise, follows his regular course of conduct in rendering his advice, and has no stake in the transaction.

Where a reasonably prudent person would question a result as "too good to be true," the taxpayer is required to make a reasonable attempt to ascertain the correctness of the position.

Generally speaking, most taxpayers are not competent to discern error in the substantive advice of competent and independent advisors, however, if a taxpayer, because of his own education, sophistication, business experience, and the purposes for entering into the transaction, knew or should have known that the transaction was "too good to be true," then reliance upon advisors is not reasonable. Significant tax savings alone do not automatically create a "too good to be true" situation, but you should consider all the circumstances, including the tax benefits, economic costs, investment potential and business purposes of a transaction to determine whether an objectively reasonable taxpayer would question the transaction as "too good to be true."

## INSTRUCTION NO. 5

### Power of Attorney

When a taxpayer grants a power of attorney to another individual, all knowledge and information possessed by the taxpayer's power of attorney is attributed to the taxpayer. In this case, Robert and Tim Ervin appointed Gary Ervin as their power of attorney and empowered him to manage their financial, business, and tax affairs. Therefore, any knowledge Gary Ervin possessed is attributable to them. If Gary Ervin possessed reasonable cause, so too did Tim and Robert Ervin. Conversely, if Gary Ervin lacked reasonable cause, so too did Tim and Robert Ervin.

## III. JURY DELIBERATIONS

When you retire, you will discuss the case with your fellow jurors to reach agreement if you can do so. The first order of business should be the selection of a foreperson. That person will preside over your deliberations and speak for you here in Court.

## REACHING AGREEMENT

Your verdict must be unanimous and based solely on the evidence and on the law as I have given it to you in these instructions. You must all agree on any verdict you reach.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with each other, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. Therefore, it is important that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with you. You should not hesitate to reconsider your views from time to time and to change them if you think that is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## NOTES

Now I would like to say something about the notes you may have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your independent recollection of the proceeding, and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have used notes or not, each of you must form and express your own opinion of the facts of the case.

You will notice that we do have an official court reporter making a record of the trial. However, we will not have a typewritten transcript from the record available for your use in reaching a decision in this case.

## RETURN OF VERDICT FORM

I have prepared a Verdict Form for your use in making your verdict. After you have reached unanimous agreement on a verdict, your foreperson will fill in the verdict form that has been given to you and advise the Marshal outside your door that you are ready to return to the courtroom. After you return to the courtroom, your foreperson will deliver the completed verdict form as directed.

## COMMUNICATION WITH THE COURT

Do not talk to the Marshal, or to me, or to anyone else, except each other, about this case. If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the

case except by a signed writing or here in open Court. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.