UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:13-CV-00127-JHM

GARY ERVIN, et al.                                                                                      PLAINTIFFS

V.

UNITED STATES OF AMERICA                                                                     DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Judgment as a Matter of Law under Rule 50(a) [DN 117]. Fully briefed, this matter is ripe for decision. For the following reasons, Plaintiffs' Motion is **GRANTED**.

### I. BACKGROUND

Plaintiffs have moved for entry of judgment under Fed. R. Civ. P. 50(a) specifically on the issue of "double recovery." Plaintiffs originally brought this action against Defendant seeking a refund of the valuation misstatement penalty and penalty interest payments paid to the IRS on their tax returns in the years 1999 and 2000. Plaintiffs received a jury verdict in their favor, successfully proving the reasonable cause defense under 26 U.S.C. § 6664(c). As a result, Plaintiffs argue that they are entitled to a refund of the penalty and interest payments from Defendant. In another action, Plaintiffs brought claims against certain tax advisors—BDO Seidman and Curtis Mallet—and those claims were settled prior to the trial in this case. Information regarding the terms of the settlement was first disclosed during Gary Ervin's testimony during the trial of this case. Defendant argues that a refund will result in a windfall and double recovery since the Plaintiffs have already received a large settlement from their tax advisors. Plaintiffs contend that they incurred about $18.5 million in loss as a result of their

participation in the Son-of-BOSS tax shelter, and the amount that they received in the prior settlements covers fees and costs, rather than the penalties paid.

Plaintiffs seek a judgment as a matter of law that they are entitled to a refund from Defendant of the penalty payments. In response, Defendant seeks limited discovery on the issue, requesting discovery in regards to the terms of the settlement and recourse for Plaintiffs' untimely disclosure of any materials that could possibly impact the amount of damages in this case. Defendant asserts that this discovery request is warranted because Defendant was unaware of any settlement prior to the disclosure in the course of trial. Plaintiffs contest these points and insist they are entitled to a full refund regardless of the private settlement, as Defendant does not have a claim of right to the penalty payments and would be unjustly enriched if permitted to retain the penalty payments.

## II. STANDARD OF REVIEW

Judgment as a matter of law is appropriate where "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the [non-moving] party[.]" Fed. R. Civ. P. 50(a). Thus, a motion should be granted only if "reasonable minds could not come to a conclusion other than one favoring the movant." Parker v. Gen. Extrusions, Inc., 491 F.3d 596, 602 (6th Cir. 2007) (quoting Tisdale v. Fed. Express Corp., 415 F.3d 516, 531 (6th Cir. 2005)). Under this standard, the court must "consider the evidence in the light most favorable to the non-movant." Ghaleb v. Am. Steamship Co., No. 16-1076, 2017 WL 1201017, at *2 (6th Cir. Mar. 31, 2017). "The court must determine that the 'effect of the evidence is not only sufficient to meet [the] burden of proof, but is overwhelming, leaving no room for the jury to draw significant inferences in favor of the other party.'" Id. (quoting Radtke v. Lifecare Mgmt. Partners, 795 F.3d 159, 165–66 (D.C. Cir. 2015)); see also Gay v. Petsock, 917 F.2d 768, 771 (3d Cir. 1990).

More simply, "there must . . . be 'insufficient evidence for permitting any different finding.'" Id. (quoting Mihalchak v. Am. Dredging Co., 266 F.2d 875, 877 (3d Cir. 1959)).

### III. DISCUSSION

The Court rejects the Defendant's various arguments regarding the "double recovery" issue. No additional discovery is needed. The Plaintiffs did not fail to disclose a matter "bearing on the nature and extent of injuries suffered." This suit was about a refund of penalties paid. The Plaintiffs prevailed. The refund is owed.

As a general principle, where a tax was erroneously assessed and collected by the government, the government is obligated to repay any amount so collected. See Armour v. Roberts, 151 F. 846, 850–51 (C.C.W.D. Mo. 1907); see also United States v. Frerichs, 124 U.S. 315, 317 (1888). As a result of the jury's verdict, the Ervins are entitled to a refund of the penalties collected by the IRS. The United States has no right to withhold the amount or offset it in any way. As argued by the Plaintiffs, this is not an ordinary suit where damages might be subject to offset. The Court cannot find, and the parties have not pointed to, a single instance in which a court has excused the government's obligation to repay the improperly assessed and collected tax in a refund suit. The Court declines to do so here. The penalties are to be refunded.

Accordingly, Plaintiffs' Rule 50 Motion for Judgment as a Matter of Law is granted with respect to the double recovery issue and the United States' request for additional discovery is denied.[1]

---

[1] The other aspect of Plaintiffs' motion is moot since the jury found in favor of the Plaintiff.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Judgment as a Matter of Law is **GRANTED**.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

May 1, 2017

cc: counsel of record